19067. MOBLEY, superintendent of banks, *v.* GREENE.

STEPHENS, J. 1. A plea, in a suit on a promissory note, which alleges that it was agreed between the payee and the maker that the proceeds to be derived from the sale of certain cotton, which the maker had pledged with the payee as security for the note, should be applied upon the indebtedness represented by the note, and that, had the cotton been sold by the payee in accordance with the agreement, it would have brought an amount in excess of that of the indebtedness represented by

the note, alleges that the cotton was at the time of a value sufficient to pay the indebtedness represented by the note. This allegation is sufficiently specific, therefore, and is good as against a special demurrer attacking the plea as defective in that it contains no allegation of the amount for which the cotton was sold, or that it does not allege the value of the cotton at the time the payee should have sold it in compliance with the agreement to sell.

2. Where in the plea as above indicated the defendant alleges the amount for which the cotton would have sold upon a certain designated day in a particular month and year, the plea must necessarily be taken as alleging the amount for which the cotton would have sold upon that date as representing the amount to be credited as payment upon the note. It is therefore immaterial that the plea fails to allege the specific date upon which was made the agreement to apply the proceeds of the cotton, after sale, to the payment of the plaintiff's debt.

3. The plea is otherwise good as against the demurrer interposed.

4. This is a suit upon a promissory note, in behalf of a banking corporation as the payee, against the indorser on the note, in which the defendant pleaded that it had been agreed between the plaintiff and the maker that the proceeds of the sale of certain cotton, which the maker had pledged to the payee as security for the payment of the note, should be applied to the payment of the note, and that, whether or not the plaintiff actually sold the cotton (which the defendant could not allege), a sale of the cotton in accordance with this agreement would have brought a sum sufficient to pay the indebtedness represented by the note. Whether or not the evidence was sufficient to establish the defendant's plea of payment, the evidence admitted without objection was sufficient to authorize an inference that the maker of the note had pledged certain cotton with the bank as security for the note, and that the bank, through its president as its authorized agent, sold the cotton thus pledged, and that its value at the time of the sale was sufficient to pay the indebtedness represented by the note. A verdict for the defendant, therefore, would have been authorized. The verdict found for the plaintiff in the full amount sued for was, therefore, not demanded as a matter of law, and the judgment of the trial judge granting a first new trial to the defendant must be affirmed.

5. Both the judgment overruling the plaintiff's demurrer to the defendant's plea and the judgment granting to the defendant a new trial are affirmed.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1929.

*Griffith & Matthews,* for plaintiff.
*M. J. Head,* for defendant.